# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **LADONTE MONTEZ SMITH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:11-cv-00465** |
| | ) | **Judge Campbell** |
| **TONY PARKER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### O R D E R

Before the court is a *pro se* notice of appeal (Docket No. 26) challenging the court's order and memorandum of November 16, 2011 (Docket Nos. 16 & 17) denying the petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 and dismissing this action with prejudice.

The petitioner previously filed a *pro se* notice of appeal (Docket No. 21) challenging the same order and memorandum. Because the petitioner had not submitted either the full appellate filing fee or the required documentation to proceed on appeal *in forma pauperis*, the court entered a deficiency order on December 13, 2011, instructing the petitioner to submit to the Clerk of Court within thirty (30) days **either** the full appellate filing fee of four hundred fifty-five dollars ($455.00) **or** an application to proceed *in forma pauperis* with by a certified copy of his trust fund account statement for the six (6) month period immediately preceding the filing of his notice of appeal. (Docket No. 22). The petitioner was advised that, if the entire filing fee is not paid **or** the appropriate indigency papers are not filed within the designated thirty (30) day period, the Court of Appeals may dismiss the appeal under Rule 3(a), Fed. R. App. P. for failure to prosecute. (*Id.*)

1

To date, the petitioner has not cured the deficiency pointed out by the court in its December 13, 2011 order.[1]  Instead, the petitioner submitted a second notice of appeal, which appears in all aspects other than font to be identical to the notice of appeal submitted by the petitioner on December 8, 2011.  Consequently, the court deems the petitioner's most recent filing (Docket No. 26) to be entirely duplicative of the notice of appeal filed previously (Docket No. 21).  As a result, no further action is required by the court at this time.

The Clerk is directed to forward a copy of this order to the Clerk of Court for the Sixth Circuit Court of Appeals.

It is so **ORDERED**.


Todd J. Campbell
United States District Judge

---

[1]The time within which the petitioner has to respond to the court's deficiency order has not yet expired. (Docket No. 22).